UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JESUS FUENTES,

                        Plaintiff,

-against-

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; ANTHONY J. ANNUCCI; GLENN S. GOORD; BRIAN FISCHER; LEROY FIELDS; EDWARD BURNETT; KIMBERLY LAWRENCE,

                        Defendants.

23-CV-9464 (PMH)

ORDER OF SERVICE

---

PHILIP M. HALPERN, United States District Judge:

        Plaintiff, who currently is incarcerated at Fishkill Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. § 1983. He alleges that Defendants have acted with deliberate indifference to a serious risk of harm to him from environmental tobacco smoke in facilities operated by the New York State Department of Correction and Community Supervision (DOCCS). By order dated October 31, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

A.     **Claims against New York State DOCCS**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff names as a Defendant the New York State DOCCS, which is an arm of the State of New York. Plaintiff's Section 1983 claims against DOCCS are thus barred by the Eleventh Amendment and are therefore dismissed.

Plaintiff also sues three former DOCCS Commissioners, naming them in both their official and personal capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citations omitted). The Eleventh Amendment does not "bar actions seeking only prospective injunctive relief against state officials to prevent a continuing violation of federal law." *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 371 (2d Cir. 2005) (citing *Ex*

*parte Young*, 209 U.S. 123, 160 (1908)). However, the exception under *Ex parte Young* for claims for prospective injunctive relief "only applies where the official sued has some connection with the enforcement of the allegedly unconstitutional act." *Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 67-68 (E.D.N.Y. 2018); *Goldstein v. Hochul*, No. 22-CV-8300 (VSB), 2023 WL 4236164, at *4-5 (2d Cir. June 28, 2023) (holding that district attorney, Sheriff, and NYPD Commissioner were subject to suit for prospective injunctive relief under *Ex parte Young*, but the Attorney General and Governor were not because they were not "enforcing or threatening to personally enforce the allegedly unconstitutional statute"). Here, former DOCCS Commissioners Goord, Fischer, and Annucci cannot provide prospective injunctive relief, and they are therefore not proper defendants for an official-capacity claim under *Ex parte Young*. The Court therefore dismisses the official-capacity claims against former Commissioners Goord, Fischer, and Annucci, based on their Eleventh Amendment immunity.

Current Acting DOCCS Commissioner Daniel F. Martuscello III, can be substituted, under Rule 25(d) of the Federal Rules of Civil Procedure, for recently retired Commissioner Annucci. Because Acting Commissioner Martuscello may be in a position to provide prospective injunctive relief, Plaintiff's official-capacity claim for prospective injunctive relief can proceed at this stage against Acting Commissioner Martuscello under the *Ex parte Young* doctrine.

**B.     Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Edward Burnett, Fishkill Superintendent, and Daniel F. Martuscello III, Acting DOCCS Commissioner, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

C.      **Addresses for Separated Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff has not provided the addresses for several defendants, who are separated from DOCCS: former Correction Officer Kimberly Lawrence; retired Fishkill Superintendent Leroy Fields; and retired DOCCS Commissioners Annucci, Goord, and Fischer, each of whom remains a defendant solely in a personal capacity. It is therefore ordered that the New York State Attorney General, which is the attorney for and agent of DOCCS, must ascertain the address where these defendants may be served. The New York State Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order. Once the Court has received this information, if

4

proper, the Court will direct the Clerk of Court to issue summonses and deliver to the United States Marshals Service the documents required for service.[3]

## CONCLUSION

The Court dismisses Plaintiff's claims against New York State DOCCS and the official-capacity claims against Defendants Goord, Fischer, and Annucci, leaving the personal-capacity claims against these individual defendants. The Court substitutes Acting DOCCS Commissioner Daniel F. Martuscello III, for former Commissioner Annucci, *see* Fed. R. Civ. P. 25(d), to allow the official-capacity claims for prospective relief under Section 1983 to proceed against Acting Commissioner Martuscello.

The Clerk of Court is instructed to issue summonses for Defendants Burnett and Martuscello, complete the USM-285 forms with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service. The Clerk of Court is further directed to: (1) mail an information package to Plaintiff; and (2) mail a copy of this order to the New York State Attorney General's Office at: Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  White Plains, New York
        November 29, 2023

                                                  PHILIP M. HALPERN
                                                  United States District Judge

---

[3] In the alternative, Defendants who are the subject of the *Valentin* order may waive service, rather than providing residential addresses.

## DEFENDANTS AND SERVICE ADDRESSES

1. Daniel F. Martuscello III, Acting DOCCS Commissioner
   DOCCS
   Bldg 2., State Campus
   Albany, New York 12226-2050

2. Edward Burnett, Superintendent
   Fishkill Correctional Facility
   271 Matteawan Road
   Beacon, NY 12508

Case 7:23-cv-09464-PMH Document 5-1 (Court Filed) 11/20/23 Page 6 of 6