UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS FUENTES,<br><br>                              Plaintiff,<br><br>-against-<br><br>DANIEL F. MARTUSCELLO III, ANTHONY J. ANNUCCI, GLENN S. GOORD, BRIAN FISCHER, LEROY FIELDS, EDWARD BURNETT, and KIMBERLY LAWRENCE,<br><br>                              Defendants. | **SECOND ORDER OF SERVICE**<br><br>23-CV-09464 (PMH) |

PHILIP M. HALPERN, United States District Judge:

　　Plaintiff, who currently is incarcerated at Fishkill Correctional Facility and proceeding *pro se*, brings this action under 42 U.S.C. § 1983. (Doc. 1, "Compl."). He alleges that Defendants have acted with deliberate indifference to a serious risk of harm to him from environmental tobacco smoke in facilities operated by the New York State Department of Correction and Community Supervision ("DOCCS"). (*Id.*). The Court, by Order dated October 31, 2023, granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. (Doc. 4).

　　Plaintiff initially brought his claims against (i) Retired DOCCS Commissioner Anthony J. Annucci, (ii) Retired DOCCS Commissioner Glenn S. Goord, (iii) Retired DOCCS Commissioner Brian Fischer, (iv) Retired Fishkill Correctional Facility Superintendent Leroy Fields, (v) Fishkill Correctional Facility Superintendent Edward Burnett, (vi) Former Corrections Officer Kimberly Lawrence, and (vii) DOCCS. (Compl. at 1). Plaintiff brings claims against Annucci, Goord, Fischer, Fields, and Lawrence in their "personal/individual capacities" only and brings claims against Burnett in "his official and personal capacity." (*Id.* at 1, n.1-2). The Court, by Order dated November 29, 2023, dismissed DOCCS, added Acting DOCCS Commissioner Daniel F. Martuscello III as a defendant, directed service on Martuscello and Burnett, and directed the New

York State Attorney General to ascertain the addresses where the remaining Defendants may be served. (Doc. 7). The New York State Attorney General filed a response stating that the unserved Defendants could be served at the DOCCS Office of Counsel at 1220 Washington Avenue, Albany, New York 1226. (Doc. 11).

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants Annucci, Goord, Fischer, Fields, and Lawrence. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon those Defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Failure to request an extension of time for service of the Complaint may result in the dismissal of this action without prejudice.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses, complete the USM-285 form with the addresses for Defendants Annucci, Goord, Fischer, Fields, and Lawrence, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to add Defendant Anthony J. Annucci to the docket sheet for this case.

**SO ORDERED.**

Dated:   White Plains, New York
         February 15, 2024

PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Glenn S. Goord
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226

2. Brian Fischer
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226

3. Leroy Fields
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226

4. Kimberly Lawrence
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226

5. Anthony J. Annucci
   Department of Corrections and Community Supervision
   Office of Counsel
   The Harriman State Campus, Building 4
   1220 Washington Avenue
   Albany, New York 12226